**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD E. KAMMERDIENER,** | ) | **No.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **ARMSTRONG COUNTY,** | ) | |
| **PHILLIP SHAFFER, Warden of the** | ) | |
| **Armstrong County Jail, in his official** | ) | |
| **and individual capacity,** | ) | |
| **REGINA HIMES, Chief Adult Probation** | | |
| **Officer of Armstrong County, in her** | ) | |
| **official and individual capacity** | ) | |
| **and ERIKA KIRKPATRICK, in her** | ) | |
| **official and individual capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**AND NOW,** comes Plaintiff, Ronald E. Kammerdiener, by and through his attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay, Jr., Esquire and J. Andrew Salemme, Esquire and file this Complaint and aver the following:

## INTRODUCTION

1.      Plaintiff, Ronald E. Kammerdiener, brings this action for violation of civil rights under 42 U.S.C. § 1983.  This case arises based on the unlawful detainment and incarceration of Mr. Kammerdiener for six months without a court hearing or any process whatsoever for contempt for failure to pay court costs and fines.

1

**JURISDICTION and VENUE**

2.      This action arises under 42 U.S.C. § 1983.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and the Fourth and Fourteenth Amendment to the United States Constitution.  This Court further has supplemental jurisdiction to hear state claims of Plaintiff pursuant to 28 U.S.C. 1367(a).

3.      Venue is present in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

**PARTIES**

4.      Plaintiff, Robert E. Kammerdiener, is an adult individual residing at 280 S. McKean St., Apt. 2C, Kittanning, PA 16201, and was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

5.      Defendant Armstrong County is a Sixth Class County that operates, manages, and oversees the Armstrong County Jail.

6.      Defendant, Phillip Shaffer, is an adult individual and is employed as the Warden of the Armstrong County Jail located at 171 Staley's Court Road, Kittanning, PA 16201.  He is sued in his official capacity for declaratory and injunctive relief and in his personal capacity for damages.

7.      Defendant Regina Himes is the Chief Adult Probation Officer in Armstrong County, with an address of 500 E. Market Street, Suite 303, Kittanning, PA 16201.

8.      Defendant Himes is sued in her official capacity for declaratory and injunctive relief and in her personal capacity for damages.

2

9.      Defendant Erika Kirkpatrick is an Adult Probation Officer in Armstrong County, with an address of 500 E. Market Street, Suite 303, Kittanning, PA 16201.

10.     Defendant Kirkpatrick is sued in her official capacity for declaratory and injunctive relief and in her personal capacity for damages.

11.     Defendant Himes and Defendant Kirkpatrick are considered state officials under Pennsylvania law.

**FACTUAL BACKGROUND**

12.     The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

13.     On November 8, 2016, Mr. Kammerdiener was arrested in Clarion County, Pennsylvania, on a bench warrant from Armstrong County for alleged contempt of court for failure to make payments of fines and costs pursuant to a "Consent Order" entered into on March 6, 2015.

14.     The "Consent Order" was facially defective as, on its face, it permitted incarceration for six months without a court hearing (or any process) to determine the individual's ability to pay, in violation of multiple Pennsylvania Rules of Criminal Procedure, Pennsylvania statutory law, the Pennsylvania Constitution, and the federal constitution.

15.     Mr. Kammerdiener was taken to the Clarion County Correctional Facility, where he was held for eight days and he was not able to speak to a counselor nor did he go before a magistrate or judge during that period.

16.     On November 16, 2016, Mr. Kammerdiener was picked up by Armstrong County Probation Officer, Erika Kirkpatrick, and another male probation officer.

17.     Ms. Kirkpatrick and the other probation officer transported Mr. Kammerdiener to the Armstrong County Jail.  He was not taken before a judge or magistrate.

18.     On that same date, November 16, 2016, while Mr. Kammerdiener was spending his 72 hours in the intake area cell, he completed an application for a public defender.

19.     Mr. Kammerdiener never received a response as to whether he was qualified for a public defender.

20.     On November 25, 2016, Mr. Kammerdiener put a request into Deputy Warden Roofner, asking him to find out if Mr. Kammerdiener qualified for a public defender.

21.     Mr. Kammerdiener also put a request into the jail counselor's office to call the public defender's office on November 25, 2016.

22.     Ultimately, Mr. Kammerdiener received a response from the counselor stating "We are not permitted to contact the public defender's office any longer. However, you can call on Tuesdays and Thursdays."

23.     Mr. Kammerdiener also notified Deputy Warden Roofner that he had tried calling the public defender's office on Tuesdays and Thursdays, the dates designated in the Armstrong County Jail Handbook for contacting the Armstrong County Public Defender's Office.

4

24.     Mr. Kammerdiener could only make collect calls from the phone on the Pod that he was housed in and the Public Defender's Office would not accept collect calls.

25.     Deputy Warden Roofner responded on December 15, 2016, to Mr. Kammerdiener's request slip.

26.     Deputy Warden Roofner instructed Mr. Kammerdiener to call 724-548-3259 on Tuesday and Thursday to contact the Public Defender.

27.     Prior to Deputy Warden Roofner's response, on December 9, 2016, over one month from when Mr. Kammerdiener had been arrested, he wrote a letter to Judge Valasek outlining his situation and asked him what his options might be.   Mr. Kammerdiener never received a response.

28.     In addition, on that same date, Mr. Kammerdiener wrote a letter to Probation Officer Erika Kirkpatrick outlining the same questions and concerns he set forth in the letter he sent to Judge Valasek.

29.     Probation Officer Kirkpatrick responded on January 18, 2017.

30.     Therein, she set forth that Mr. Kammerdiener would remain incarcerated in the Armstrong County Jail until the balance of his costs and fines was paid in full or at the end of a 6-month period of incarceration.

31.     On March, 4, 2017, Mr. Kammerdiener placed a request to the counselor, an individual named Lisa, to call the public defender's office

32.     The counselor responded that, "We are not permitted to let you call" and that Mr. Kammerdiener would have to write a letter to the public defender's office and the letter would be taken to the courthouse.

33.     Accordingly, on March 4, 2017, Mr. Kammerdiener wrote a letter to the public defender's office along with another application for a public defender.   Mr. Kammerdiener never received a response.

34.     On May 5, 2017, Mr. Kammerdiener was taken to an Attorney-Client room where Probation Officer Erika Kirkpatrick met with him and directed him to sign a new consent order, which indicated, in violation of clearly established law, that if Mr. Kammerdiener failed to make payments he would be incarcerated without a hearing.

35.     Mr. Kammerdiener served 6 months for contempt of court without being afforded a hearing or counsel and was released from the Armstrong County Jail on May 7, 2017.

36.     The new consent order was dated May, 8, 2017, and was certified by Brenda C. George, Prothonotary and Clerk of Courts of Armstrong County, PA on July 7, 2017.

37.     During Mr. Kammerdiener's six months of incarceration at both the Clarion County Jail and at the Armstrong County Jail, he was never afforded the right to talk to a public defender, magistrate or judge.

38.      Mr. Kammerdiener's incarceration violated Pennsylvania law, his rights under the Pennsylvania Constitution, and the federal constitution.

39.     Defendants, Regina Himes and Erika Kirkpatrick, required individuals, including Mr. Kammerdiener, to sign paperwork, i.e., "consent" orders, which stated that if the individual failed to make payments that they would automatically be placed in jail.

40.     Defendant, Armstrong County (Jail) had a policy, practice, and custom of incarcerating individuals, including Mr. Kammerdiener, for failure to pay costs and fines

6

without bringing those individuals before a magistrate or judge for a hearing to determine whether the individual had the ability to pay the alleged outstanding costs and fines.

41.    Defendants failed to bring Mr. Kammerdiener before a judge or magistrate at any point.

42.    Mr. Kammerdiener had a fundamental right to a court hearing prior to any punishment for nonpayment of fines, costs, or restitution and should have had a court hearing before being jailed as well as the right to an attorney.

43.    Mr. Kammerdiener had a statutory and rule-based right to a hearing prior to imprisonment to determine if he was financially able to pay the fines and costs. Pa.R.Crim.P. 706(a); 42 Pa. C.S. § 9772.

## Count I

### Violation of 42 U.S.C. § 1983 (Fourteenth Amendment Violation of Procedural Due Process)

44.    The prior paragraphs are hereby incorporated by reference as if more fully set forth herein.

45.    Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

46.    The Fourteenth Amendment provides in relevant part that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of

the United States; nor shall any State deprive any person of life, liberty, or property without due process of law."

47.    Pa.R.Crim.P. 706(a) further provides, "[a] court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs."

48.    In addition, Pa.R.Crim.P. 431(C)(1) governs what is to occur when an individual is arrested for a bench warrant on failure to pay costs and fines and sets forth that, "if the defendant is unable to pay, promptly take the defendant for a hearing on the bench warrant as provided in paragraph (C)(3)."  Paragraph (C)(3) provides, "When the defendant does not pay the restitution, fines, and costs, or collateral, the defendant promptly shall be taken before the proper issuing authority when available pursuant to Rule 117 for a bench warrant hearing."

49.    Pa.R.Crim.P. 150, governing bench warrants, provides that a person be given a bench warrant hearing within seventy-two hours of arrest.

50.    42 Pa. C.S. § 9772 also reads, in relevant part, "Unless there is proof that failure to pay a fine or that portion of the fine that is due is excusable, the court may after a hearing find the defendant guilty of contempt and sentence him to not more than six months imprisonment, if a term of confinement for that amount could have been imposed for the offense charged."

51.    42 Pa.C.S. § 9730(b) also discusses the right to a hearing for default on payment of costs, fine or restitution and provides, "If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior magisterial district judge appointed by the president

judge for purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay."

52.    Defendants failed to abide by Rule 706, Rule 431, Rule 150, 42 Pa.C.S. § 9772 and 42 Pa.C.S. § 9730(b).

53.    Even the most limited view of due process requires the government to proceed according to the "law of the land". *In re Winship***,** 397 U.S. 358, 382 (Black, J., dissenting) (opining, "the Due Process Clause requires 'that our Government must proceed according to the 'law of the land'--that is, according to written constitutional and statutory provisions.'").[1]

54.    Defendants, acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983, particularly, they deprived Plaintiff of his procedural due process rights under the Fourteenth Amendment by failing to bring him before a magistrate or judge both for a bench warrant hearing and a hearing to determine his ability to pay fines and costs and incarcerating him for six months without any hearing or process whatsoever. *See e.g. Commonwealth v. Mauk*, 2018 PA Super 98; *George v. Beard*, 824 A.2d 393, 396 (Pa. Cmwlth. 2003); *Bearden v. Georgia*, 461 U.S. 660 (1983); *Altemose Construction Co. v. Building Trades Council*, 296 A.2d 504 (Pa. 1972).

---

[1] The Pennsylvania Constitution also provides, "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land.  Pa.Const. Article I, § 9.

55.     Armstrong County Jail and Phillip Shaffer had actual knowledge of the policy, custom, and practice of keeping incarcerated individuals arrested on a bench warrant for failure to pay costs and fines without taking the person before a judge or magistrate.

56.     Phillip Shaffer acquiesced and/or condoned the holding of individuals, including Mr. Kammerdiener, arrested on a bench warrant for failure to pay costs and fines without a hearing to determine the individual's ability to pay alleged outstanding costs and fines.

57.     Regina Himes had actual knowledge of Mr. Kammerdiener being arrested and incarcerated without any hearing and personally directed that individuals be arrested and jailed without hearings for failure to pay costs and fines and acquiesced to the holding of individuals arrested on a bench warrant for failure to pay costs and fines without a hearing to determine the individual's ability to pay alleged outstanding costs and fines.

58.     Erika Kirkpatrick had actual knowledge of Mr. Kammerdiener being arrested and incarcerated without any hearing and personally transported him to jail and failed to bring him before a judge or magistrate for failure to pay costs and fines and acquiesced to the holding of individuals arrested on a bench warrant for failure to pay costs and fines without a hearing to determine the individual's ability to pay alleged outstanding costs and fines.

59.     Plaintiff avers that Defendants, Armstrong County and Phillip Shaffer, are liable for the violation of Plaintiff's constitutional rights because they executed a policy and/or custom and/or practice of automatically holding and jailing, without a hearing or

appointment of counsel, individuals who failed to make payments of costs and fines.

60.     Although Defendant Regina Himes is a state official, she also failed to adequately train and supervise adult probation officers, including but not limited to Erika Kirkpatrick, concerning arrests for failure to pay fines and costs, which requires a hearing to determine the arrested individual's ability to pay.

61.     Defendant, Armstrong County (Jail), had in place an unconstitutional policy/custom/ and or practice of automatically holding and jailing, without a hearing or appointment of counsel, individuals who failed to make payments of costs and fines.

62.     Defendants had knowledge of a prior pattern of similar incidents and circumstances.

63.     Plaintiff had the following clearly established rights at the time of the complained of conduct: (1) the right to both a bench warrant hearing and a court hearing on his ability to pay alleged fines and costs; (2) the right to counsel.

64.     Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

65.     The acts or omissions of the Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

66.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

67.     Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, and declaratory and prospective injunctive relief including:

i.  Declaring that Defendants' policy, practice, and custom of holding an individual arrested for failure to pay costs and fines without affording a hearing to determine their ability to pay or providing counsel violates the Fourteenth Amendment of the United States Constitution;

ii.  Declaring Defendants' actions in housing Mr. Kammerdiener for six months in the Armstrong County Jail without affording him a hearing or counsel to determine his ability to pay the alleged fines and costs owed violates the Fourteenth Amendment of the United States Constitution;

iii.  Granting permanent injunctive relief enjoining Defendants' and their predecessors, successors, present or former agents, representatives, those acting in privity and/or concert with them or on their behalf from holding individuals arrested for alleged failure to pay costs and fines without taking them before a judge or magistrate to determine the person's ability to pay.

iv.  Granting of such other and further relief as the Court deems just and proper. A JURY TRIAL IS DEMANDED.

## **Count II**

**Violation of 42 U.S.C. § 1983 (Violation of Sixth Amendment and/or Fourteenth Amendment Right to Counsel):**

68.    The prior paragraphs are hereby incorporated by reference as though more fully set forth herein.

69.    The right to counsel is guaranteed by the Sixth Amendment to the United States Constitution and provides in part, "In all criminal prosecutions, the accused shall enjoy the right to…have the assistance of counsel for his defense."

70.    In *Argersinger v. Hamlin*, 407 U.S. 25 (1972), the United States Supreme Court held, "We reject, therefore, the premise that, since prosecutions for crimes

punishable by imprisonment for less than six months may be tried without a jury, they may also be tried without a lawyer." *Id.* at 31.

71.     Indirect criminal contempt requires the appointment of counsel. *See Mine Workers v. Bagwell*, 512 U.S. 821 (1994); *cf. Cooke v. United States*, 267 U.S. 517, 537 (1925).

72.     Mr. Kammerdiener was arrested and held in indirect criminal contempt insofar as although the consent order in question provided the opportunity to avoid being imprisoned, (which normally equates with civil contempt), since Mr. Kammerdiener was never afforded a hearing or an opportunity to provide payment or show the inability to make payments, the contempt was therefore criminal in nature. *Cf. Commonwealth v. Diaz*, 2018 PA Super 175, at n.6 ("We acknowledge that some caselaw suggests that contempt from a failure to pay court-ordered fines and costs could be criminal in nature. But because the parties agree the contempt is civil in nature and have not argued otherwise, we decline to define the underlying contempt order.")

73.     In the alternative, even if considered as civil contempt, Mr. Kammerdiener had a Fourteenth Amendment due process right to counsel under the facts of this case. *See Diaz*, *supra.*

74.     Defendants, acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983, particularly, they deprived Plaintiff of his right to counsel.

75.     Defendant, Armstrong County, had in place an unconstitutional policy/custom/ and or practice of automatically holding and jailing, without a hearing or

appointment of counsel, individuals who failed to make payments of costs and fines.

76.    Defendants had knowledge of a prior pattern of similar incidents and circumstances.

77.    Plaintiff had the following clearly established rights at the time of the complained of conduct: the right to counsel at a hearing to determine his ability to pay alleged outstanding costs and fines.

78.    Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

79.    The acts or omissions of the Defendant, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

80.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

81.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, and declaratory and prospective injunctive relief including:

    i.   Declaring that Defendants' policy, practice, and custom of holding an individual arrested for failure to pay costs and fines without affording counsel at a hearing to determine their ability to pay violates the Sixth and/or Fourteenth Amendment of the United States Constitution;

ii.   Declaring Defendants' actions in housing Mr. Kammerdiener for six months in the Armstrong County Jail without affording him counsel at a hearing to determine his ability to pay the alleged fines and costs owed violates the Sixth and/or Fourteenth Amendment of the United States Constitution;

iii.   Granting permanent injunctive relief enjoining Defendants' and their predecessors, successors, present or former agents, representatives, those acting in privity and/or concert with them or on their behalf from holding individuals arrested for alleged failure to pay costs and fines without taking them before a judge or magistrate to allow for the appointment of counsel.

iv.   Granting of such other and further relief as the Court deems just and proper. A JURY TRIAL IS DEMANDED.

## <u>Count III</u>

### Violation of 42 U.S.C. § 1983 (Violation of Fourth Amendment or Fourteenth Amendment):

82.   The prior paragraphs are hereby incorporated by reference as though more fully set forth herein.

83.   While Mr. Kammerdiener is not challenging the initial arrest/seizure based on the bench warrant for alleged failure to pay costs and fines, Mr. Kammerdiener was thereafter unlawfully and illegal detained for six months without being afforded a hearing to determine his ability to pay those fines and costs (or a bench warrant hearing), which violated his Fourth Amendment rights and/or Fourteenth Amendment rights.

84.   The Fourth Amendment protects against false imprisonment/wrongful detainment.

85.   The Fourteenth Amendment protects against unlawful detention where a person is originally arrested pursuant to a valid court order.

86.   Defendants, acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and

immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983, particularly, they deprived Plaintiff of his Fourth Amendment right against illegal seizure and/or Fourteenth Amendment against excessive detention by keeping him incarcerated for a full six month period without ever affording him a hearing to determine his ability or inability to pay the alleged outstanding costs and fines.

87.    Defendant, Armstrong County, had in place an unconstitutional policy/custom/ and or practice of automatically holding and jailing, without a hearing or appointment of counsel, individuals who failed to make payments of costs and fines.

88.    Defendants had knowledge of a prior pattern of similar incidents and circumstances.

89.    Plaintiff had the following clearly established rights at the time of the complained of conduct: the right to be free from unlawful detainment without a hearing to determine his ability or inability to pay the alleged costs and fines owed.

90.    Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

91.    The acts or omissions of the Defendant, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

92.    As a direct result of Defendants' unlawful conduct, and deliberate indifference, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

93.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, and declaratory and prospective injunctive relief including:

i. Declaring that Defendants' policy, practice, and custom of holding an individual arrested for failure to pay costs and fines for six months without a hearing to determine their ability to pay violates the Fourth Amendment of the United States Constitution;

ii. Declaring Defendants' actions in housing Mr. Kammerdiener for six months in the Armstrong County Jail without affording him a hearing to determine his ability to pay the alleged fines and costs owed violates the Fourth and/or Fourteenth Amendment(s) of the United States Constitution;

iii. Granting permanent injunctive relief enjoining Defendants' and their predecessors, successors, present or former agents, representatives, those acting in privity and/or concert with them or on their behalf from holding individuals arrested for alleged failure to pay costs and fines without taking them before a judge or magistrate.

iv. Granting of such other and further relief as the Court deems just and proper. A JURY TRIAL IS DEMANDED.

## Count IV

### Violation of 42 U.S.C. § 1983 (Violation of Eighth Amendment and Fourteenth Amendment):

94. The prior paragraphs are hereby incorporated by reference as though more fully set forth herein.

95. Keeping Mr. Kammerdiener incarcerated for a six-month period for failure to pay costs and fines, i.e., a debtor's prison, without affording Mr. Kammerdiener a hearing to determine whether he had the ability to pay the alleged fines and costs was cruel and unusual punishment and was excessive detainment under the Fourteenth Amendment.

96.     Defendants, acting under color of state law, acted willfully, knowingly and purposefully, with the intent to deprive the Plaintiff of his rights, privileges and immunities secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. § 1983, particularly, they deprived Plaintiff of his Eighth Amendment right against cruel and unusual punishment and/or Fourteenth Amendment right against excessive detainment by keeping him incarcerated for a full six month period without ever affording him a hearing to determine his ability or inability to pay the alleged outstanding costs and fines.

97.     Defendant, Armstrong County, had in place an unconstitutional policy/custom/ and or practice of automatically jailing, without a hearing or appointment of counsel, individuals who failed to make payments of costs and fines.

98.     Defendants had knowledge of a prior pattern of similar incidents and circumstances.

99.     Plaintiff had the following clearly established rights at the time of the complained of conduct: the right to be free from cruel and unusual punishment, including being detained and incarcerated for six months without a hearing to determine his ability or inability to pay alleged costs and fines owed.

100.    Defendant knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

101.    The acts or omissions of the Defendant, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

102.    As a direct result of Defendant and individual defendants' unlawful conduct, and deliberate indifference, Plaintiff has suffered actual physical and emotional

injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

103.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, and declaratory and prospective injunctive relief including:

i.    Declaring that Defendants' policy, practice, and custom of holding an individual arrested for failure to pay costs and fines for six months without a hearing to determine their ability to pay violates the Eighth and/or Fourteenth Amendment of the United States Constitution;

ii.    Declaring Defendants' actions in housing Mr. Kammerdiener for six months in the Armstrong County Jail without affording him a hearing to determine his ability to pay the alleged fines and costs owed violates the Eighth and/or Fourteenth Amendment of the United States Constitution;

iii.    Granting permanent injunctive relief enjoining Defendants' and their predecessors, successors, present or former agents, representatives, those acting in privity and/or concert with them or on their behalf from holding individuals arrested for alleged failure to pay costs and fines without taking them before a judge or magistrate.

iv.    Granting of such other and further relief as the Court deems just and proper. A JURY TRIAL IS DEMANDED.

## Count V

### State Law Claims: False Imprisonment

### Ronald Kammerdiener v. Armstrong County and Warden Shaffer

104.    The prior paragraphs are incorporated by reference as if fully set forth herein.

105.   The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention.

106.   Defendants, Armstrong County, and Warden Shaffer's, actions constitute willful misconduct as any reasonable warden should have or would have known that detaining and jailing Mr. Kammerdiener for six months for an alleged failure to pay fines and costs without any hearing to determine his ability to pay was unlawful.

107.   The keeping of Mr. Kammerdiener for six months in the Armstrong County Jail without providing a hearing to determine his ability to pay the alleged fines and costs owed constitutes false imprisonment.

WHEREFORE, Plaintiffs respectfully request judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief and other damages as the Court deems appropriate.  A JURY TRIAL IS DEMANDED.

Respectfully submitted:

The Lindsay Law Firm, P.C.,
Attorneys for Plaintiff

s/ *Alexander H. Lindsay, Jr.*
Alexander H. Lindsay, Jr., Esq.
Pa. Supreme Court Id. No. 15088

s/ *J. Andrew Salemme*
J. Andrew Salemme, Esq.
Pa. Supreme Court Id. No. 208257

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone:  (724) 282-6600