# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. KAMMERDIENDER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-1484 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Maureen P. Kelly |
| ARMSTRONG COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On August 7, 2019, Magistrate Judge Kelly issued a Report (hereinafter "R&R," Doc. 24) recommending Counts I–IV of Plaintiff Ronald Kammerdiener's (hereinafter, "Plaintiff's") Complaint, alleging federal Constitutional violations, be dismissed with prejudice as each is barred by Heck v. Humphrey[1] and, alternatively, by the Rooker-Feldman doctrine.[2] (R&R at 10–15; 23.) As to Count V, which arises under state law, Magistrate Judge Kelly recommended that the Court decline to exercise supplemental jurisdiction over the claim and dismiss it without prejudice to Plaintiff's filing in state court. (Id. at 22–23.)

For the reasons that follow, the Court will adopt in part and reject in part the Magistrate Judge's R&R.

---

[1] 512 U.S. 477 (1994).
[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

1

**BACKGROUND**

On November 6, 2018, Plaintiff filed a Complaint against Armstrong County, Regina Himes, Erika Kirkpatrick and Phillip Shaffer, (collectively, "Defendants"), alleging Defendants violated his Constitutional and other rights by denying him access to a lawyer or a hearing for six months after Plaintiff was incarcerated for being in contempt of the Armstrong County Court of Common Pleas. (See generally Complaint, Doc. 1.) Defendants Regina Himes and Erika Kirkpatrick filed a Motion to Dismiss on January 7, 2019, (hereinafter, "Motion to Dismiss," Doc. 11), and Plaintiff filed a Response opposing the Motion to Dismiss on January 25th (hereinafter, "Response," Doc. 15). On June 12th, Magistrate Judge Kelly ordered the parties to file briefs addressing whether either the Rooker-Feldman doctrine or Heck may preclude federal jurisdiction in this case. (Doc. 19.) All parties' briefs in response to Judge Kelly's order were filed on June 21st. (See Docs. 21–23.)

**ANALYSIS**

The Court has conducted a *de novo* review of the Complaint, the Motion to Dismiss, Plaintiff's Response, and the supplemental briefing of the parties, together with the R&R. At this stage, the Court cannot agree with the R&R's conclusion that all of Plaintiff's claims are barred by Heck and by the Rooker-Feldman doctrine.

The core of the R&R rests on the Magistrate Judge's determination that Plaintiff's lawsuit requires this Court to question the validity of two sets of Consent Orders[3] issued in both of Plaintiff's state criminal cases, the first set on March 6, 2015 and the second set on May 8, 2017 (hereinafter, "2015 Orders" and "2017 Orders," respectively). After reviewing the Orders,

---

[3] These Orders are attached at Exhibit A. The Court takes judicial notice of these Orders as public records, just as the Magistrate Judge took judicial notice of the docket sheets in Plaintiff's criminal cases. (R&R at 3 n.1.)

2

the record is not developed enough to say conclusively that Counts I through IV of the Complaint are barred. Plaintiff's Complaint is at times confusing, and this Court agrees with Magistrate Judge that those aspects of the Complaint that attack the 2015 and 2017 Orders are barred by Heck. (R&R at 10–15.) However, the Court disagrees that amendment would be futile.

First, Plaintiff's Complaint is not the only filing to be considered. Plaintiff's supplemental briefing clarifies that the gravamen of his allegations appears to be that he was injured by Defendants' conduct that was not dictated or necessitated by the contempt conviction or the 2015 Orders.[4] He articulates that he challenges neither his contempt conviction nor his initial incarceration subject to the 2015 Orders. Plaintiff states:

> Plaintiff's Complaint does not attempt to overturn Plaintiff's convictions for contempt of court. Plaintiff's issues are not with the state court for finding Plaintiff in contempt of court for failure to make payments of fines and costs. *The injuries that Plaintiff suffered are not from the state court judgment but from Plaintiff not being able to speak to an attorney and not having a hearing for the six months that Plaintiff was incarcerated.*

("Plaintiff's Brief," Doc. 19, at 4 (emphasis added)).

It is true that the 2015 Orders accelerated Plaintiff's incarceration to the day immediately following his first noncompliance, and authorized a bench warrant to be issued and him to be initially incarcerated without notice or hearing. Plaintiff appears to agree that the 2015 Orders did so and he states in his Brief that he does not challenge those aspects of the Orders in this suit.

---

[4] The Magistrate Judge determined Plaintiff tried to "pivot" his arguments around Heck in his supplemental briefing, in contrast to the allegations in his Complaint. (R&R at 13.) While Plaintiff did argue in his Complaint that the 2015 Order was "facially invalid," (e.g., Complaint at ¶ 14), the bulk of the factual background section details his efforts to access an attorney and the judicial process while incarcerated, and Defendants' conduct in response to those efforts (id. at ¶¶ 18–33). Thus, Plaintiff's "pivot" is actually consistent with the bulk of the Complaint's focus, further supporting that he be granted leave to amend his pleading.

Heck is no bar if Plaintiff is not challenging his conviction for contempt nor actions by Defendants caused by the 2015 Orders. See Heck, 512 U.S. at 487 ("[I]f the district court determined that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.").

Second, as the Court sees it, Plaintiff's filings do plausibly allege that his rights were violated, and it is where the Consent Orders stop that his actual injuries begin. As for Plaintiff's allegation he should have been afforded an attorney, the 2015 Orders do not mention Plaintiff's right to counsel, or any waiver thereof, during his incarceration. Additionally, regarding the term of incarceration to be served, the 2015 Orders do not state that Plaintiff will be incarcerated for six months if he fails to comply; rather, they read that "Defendant is sentenced to a term of incarceration in the Armstrong County Jail, not to exceed six months." It appears then, if reading Plaintiff's allegations in the light most favorable to him, that he is complaining of injuries that can in fact be separated from the 2015 Orders. See Tarapchak v. Schuylkill Cty., 2014 WL 4626701, at *13 (M.D. Pa. Sept. 15, 2014) (Finding Rooker-Feldman did not bar plaintiff's injury when it "while indirectly related, did not stem from, nor was it 'caused by' the same contempt order that [the plaintiff] complains about in her amended complaint.").

Where Plaintiff's incarceration occurred under the circumstances alleged in the Complaint and in Plaintiff's Brief, and persisted without access to counsel or a hearing of any kind, the Court cannot say at this juncture that his Complaint is wholly barred. See Turner v. Rogers, 564 U.S. 431, 449 (2011) (incarceration for civil contempt without counsel or alternative procedures to assess ability to pay violated Due Process Clause); see also Commonwealth v. Diaz, 191 A.3d 850, 863 (Pa. Super. Ct. 2018) ("Here, because Appellant was imprisoned, he

4

should have been afforded the opportunity to demonstrate entitlement to court-appointed counsel.").

Therefore, consistent with the above, it is ORDERED that the Magistrate Judge's R&R, (Doc. 24), is ADOPTED IN PART and REJECTED IN PART. Plaintiff's Complaint, (Doc. 1), is DISMISSED WITHOUT PREJUDICE. If Plaintiff wishes to file an Amended Complaint, he must do so on or before **September 12, 2019**. Defendant's Motion to Dismiss (Doc. 11) is DENIED WITHOUT PREJUDICE to refiling, if appropriate, at a later juncture.

IT IS SO ORDERED.


August 29, 2019                                    s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):
All Counsel of Record