IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD E. KAMMERDIENER,      NO. 2:18-CV-001484

       Plaintiff,

v.

ARMSTRONG COUNTY, PHILLIP SHAFFER, REGINA HIMES and ERICA KIRKPATRICK,

       Defendants.

### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

The Defendants, Armstrong County, Phillip Shaffer, Regina Himes, in her Individual Capacity; and Erica Kirkpatrick, in her individual capacity, by and through their counsel, Francis D. Wymard and William J. Ferren & Associates and file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

1. Paragraph 1 is an introductory paragraph which constitutes conclusions of law and fact and to which no response is required.

2. Paragraph 2 of the First Amended Complaint contain conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 2.

3. Paragraph 3 of the First Amended Complaint contain conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4. Therefore, they are denied and strict proof is demanded at the time of trial.

5. The averments of paragraph 5 are admitted.

6. The averments of paragraph 6 are admitted in part. Defendant Shaffer admits that he is an adult individual and is employed as the Warden of the Armstrong County Jail. The remaining averments constitute conclusions of law to which no response is required.

7. The averments of paragraph 7 are admitted.

8. The averments of paragraph 8 are admitted.

9. The averments of paragraph 9 are admitted.

10. The averments of paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required Defendants deny the averments and demand strict proof at the time of trial.

11. The averments of paragraph 11 constitute conclusions of law to which no response is required. To the extent that a response is required Defendants deny the averments and demand strict proof at the time of trial.

12. The Defendants repeat and incorporate by reference their responses to paragraphs 1 through 11 as if fully restated herein.

13. Defendants admit the averments of paragraph 13.

14. The "Consent Order" referred to in Paragraph 14 of the First Amended Complaint is a document which speaks for itself. Plaintiff's characterizations of the document, to the extent the characterizations are not consistent with the writing are denied

15. The "Consent Order" referred to in Paragraph 15 of the First Amended Complaint is a document which speaks for itself. Plaintiff's characterizations of the document, to the extent the characterizations are not consistent with the writing are denied.

16. Paragraph 16 of the First Amended Complaint contains conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17. Therefore, they are denied and strict proof is demanded at the time of trial.

18. The averments of paragraph 18 are admitted.

19. The averments of paragraph 19 are admitted.

20 – 29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 20 through 29. Therefore, they are denied and strict proof is demanded at the time of trial.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 30. Therefore, they are denied and strict proof is demanded at the time of trial. In further response, Defendant Kirkpatrick admits that she received a letter from Plaintiff with an unknown date.

31. Defendant Kirkpatrick admits to responding to a letter from Plaintiff, said response dated January 18, 2017, as set forth in Paragraph 31.

32. The Defendants admit the averments of paragraph 32.

33. The Defendants are without personal knowledge regarding the averments of paragraph 33. In further response, documents including an inmate request slip purportedly from Plaintiff indicate that the averments of paragraph 33 are correct.

34. The Defendants are without personal knowledge regarding the averments of paragraph 34. In further response, documents including an inmate request slip purportedly from Plaintiff indicate that the averments of paragraph 34 are correct.

35. The Defendants are without personal knowledge regarding the averments of paragraph 35. In further response, documents including an inmate request slip purportedly from Plaintiff indicate that the averments of paragraph 35 are correct.

36. The Defendants are without personal knowledge regarding the averments of paragraph 36. In further response, documents including an inmate request slip purportedly from Plaintiff indicate that the averments of paragraph 36 are correct.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37. Therefore, they are denied and strict proof is demanded at the time of trial.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38. Therefore, they are denied and strict proof is demanded at the time of trial.

39. The averments of paragraph 39 are admitted in part. It is admitted that Plaintiff executed a new consent order on May 5, 2017. The remaining averments of paragraph 39 are denied.

40. The Defendants deny the averments of paragraphs 40.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41. Therefore, they are denied and strict proof is demanded at the time of trial.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42. Therefore, they are denied and strict proof is demanded at the time of trial.

43. The Defendants deny the averments of paragraphs 43.

44. Paragraph 44 of the First Amended Complaint contains conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 44.

45-62. The Defendants deny the averments of paragraphs 45 through 62.

63. The "Consent Order" referred to in Paragraph 63 of the First Amended Complaint is a document which speaks for itself. Plaintiff's characterizations of the document, to the extent the characterizations are not consistent with the writing are denied.

64. Paragraph 64 of the First Amended Complaint contains conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 64.

65-83. The Defendants deny the averments of paragraphs 65 through 83, including all subparagraphs associated with the numbered paragraph.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 84. Therefore, they are denied and strict proof is demanded at the time of trial.

85. Paragraph 85 of the First Amended Complaint contains conclusions of law to which no response is required of these Defendants. To the extent that a response may be required Defendants deny the averments of paragraph 85.

86-117. The Defendants deny the averments of paragraphs 86 through 117, including all subparagraphs associated with the numbered paragraph.

118-122. Defendants, Armstrong County and Shafer deny the averments of paragraphs 118 through 122.

To the extent not specifically pled in either the Complaint or Answer, the Defendants deny all allegations made by Plaintiff

WHEREFORE, Defendants deny that they are liable to any party and ask that this matter be dismissed with costs and attorney fees as determined by the Court.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendants' actions conformed to all applicable laws and regulations at all times relevant hereto.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against these Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the doctrines of collateral estoppel and/or res judicata.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any right secured by the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants acted with objective reasonableness and clearly without malice or deliberate indifference to the known rights of the Plaintiff, and these Defendants are entitled to the defense of qualified, good-faith immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead and assert additional Affirmative Defenses when facts supporting said Affirmative Defenses become known and available.

## EIGHTH AFFIRMATIVE DEFENSE

These Defendants deny each and every other allegation, matter and averment made or contained in Plaintiffs' Complaint not specifically and previously admitted herein.

## NINTH AFFIRMATIVE DEFENSE

The Defendants assert all other defenses, immunities, and limitations of damages available to them under the Political Subdivision Tort Claims Act and avers that Plaintiff's remedies, if any, are limited exclusively thereto.

Any and all pendent state law claims which may be contained within the Complaint are barred by virtue of the doctrines of governmental immunity and official immunity pursuant to Pennsylvania Law, as provided in the Political Subdivision Tort Claims Act, 42 Pa. C.S. §8541 et seq.

### TENTH AFFIRMATIVE DEFENSE

Defendants state that while they deny the allegations and averments made or contained in Plaintiffs' Complaint, any and all acts or actions committed by them were discretionary in nature and taken in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the Rooker-Feldman Doctrine and the United States Supreme Court decision in Heck v. Humphrey, 512 US 477 (1994).

**JURY TRIAL DEMANDED**

                              **WILLIAM J. FERREN & ASSOCIATES**

                              BY: */s/ Francis D. Wymard.*
                                  Francis D. Wymard, Esquire
                                  Attorney for Defendants, Armstrong County,
                                  Phillip Shaffer, Regina Himes, in her
                                  Individual Capacity; and Erica Kirkpatrick,
                                  in her Individual Capacity
                                  PA I.D. #94749
                                  112 Washington Place
                                  Suite 975, Two Chatham Center
                                  Pittsburgh, PA  15219
                                  Phone: (412) 338-3197
                                  Fax: (412) 471-8748
                                  fwymard@travelers.com

# CERTIFICATE OF SERVICE

I, Francis D. Wymard, Esquire, hereby certify that on this 25th day of September, 2019, I electronically filed the foregoing **Answer and Affirmative Defenses to Plaintiff's First Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alexander H. Lindsay, Jr., Esquire
The Lindsay Law Firm, P.C.
110 East Diamond Street, Suite 301
Butler, PA 16001
michele@lindsaylawfirm.com
*(Attorney for Plaintiff)*

Caroline Liebenguth, Esquire
Supreme Court of Pennsylvania
Administration Offices of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
*(Attorney for Erica Kirkpatrick and Regina Himes,
in their Official Capacities)*

**WILLIAM J. FERREN & ASSOCIATES**

BY: */s/ Francis D. Wymard.*
    Francis D. Wymard, Esquire
    Attorney for Defendants, Armstrong County,
    Phillip Shaffer, Regina Himes, in her
    Individual Capacity; and Erica Kirkpatrick,
    in her Individual Capacity
    PA I.D. #94749
    112 Washington Place
    Suite 975, Two Chatham Center
    Pittsburgh, PA  15219
    Phone: (412) 338-3197
    Fax: (412) 471-8748
    fwymard@travelers.com