IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. KAMMERDIENER, | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18--1484 |
| v. | : | |
| | : | |
| ARMSTRONG COUNTY et.al.*,* | : | |
| | : | |
| | : | |
| *Defendants* | : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS SUBMITTED ON BEHALF OF DEFENDANTS REGINA HIMES AND ERIKA KIRKPATRICK IN THEIR OFFICIAL CAPACITIES ONLY**

**I.   STATEMENT OF THE CASE**

Plaintiff, Ronald E. Kammerdiener, filed a Complaint with this Court under 42 U.S.C § 1983 against various Defendants, including Regina Himes and Erika Kirkpatrick, in their official capacities as employees of the Armstrong County Probation Office. On or about September 11, 2019 Plaintiff filed his First Amended Complaint which contains essentially the same averments as in the original Complaint, with a couple of exception not directly relevant to the defenses raised below.  Plaintiff asserts that these Defendants have violated his rights under the 6th, 8th and 14th Amendments to the United States Constitution. (First Amended Complaint, Counts I, II, III and IV)  He seeks declaratory and injunctive relief (First Amended Complaint ¶¶ 8 and 10).

**II.   ARGUMENT**

    **A.   All Claims Against Regina Himes and Erika Kirkpatrick in their Official Capacities are barred by the Eleventh Amendment.**

A suit against a state official in his official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   In such a circumstance, the real party in

interest is the government entity of which the official is an agent. *Hafer v. Melo,* 502 U.S. 21, 26 (1991). Thus, a suit against Defendants Himes and Kirkpatrick in their official capacities is a suit against the Probation Department which is part of the Court of Common Pleas of Armstrong County. Since the Probation Department is part of the court system and, therefore, part of the Commonwealth of Pennsylvania, all claims brought under Section 1983 are subject to the Eleventh Amendment. See *Chilcott v. Erie Co. Domestic Relations,* 283 Fed.Appx. 8, 10 (3d Cir. 2008).

Under the Eleventh Amendment, a state is immune from suit by its own citizens in federal court as well as by citizens of other states, unless the state has consented to such suits, *Port Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 304 (1990), or Congress has abrogated a State's Eleventh Amendment immunity under §5 of the Fourteenth Amendment. *Benn v. First Judicial District*, 426 F.3d 233, 238 (3d Cir. 2005). Congress may only abrogate Eleventh Amendment immunity under the Fourteenth Amendment. *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n,* 141 F.3d 88, 92 (3d Cir. 1998)(recognizing the limit on congressional power to abrogate a states' sovereign immunity). The Supreme Court has held that Congress did not abrogate Eleventh Amendment immunity when creating 42 U.S.C. §1983. *Quern v. Jordan*, 440 U.S. 332, 342, (1979).

A suit is barred by the Eleventh Amendment, even when the state is not a named Defendant, as long as the state is deemed to be the real party in interest. *Benn,* 426 F.3d at 241. A state is deemed to be the real party in interest when a lawsuit is brought against an agency that is considered to be an "arm" of the state. *Regents of University of California v. Doe*, 519 U.S. 425, 430 (1997); *Benn*, 426 F.3d at 241. Eleventh Amendment immunity is available to an "arm of the state," as well as to the state itself. *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle,* 429

U.S. 274, 280 (1977).  This immunity applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  The United States Court of Appeals for the Third Circuit has recognized that "[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities." *Haybarger*, 551 F.3d at 198 (3d Cir.2008)(citing *Benn,* 426 F.3d at 240-41 and PA. CONST. art. V, § 1). The Court of Appeals has also found that "Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity." *Id*.

The Probation Department is a subunit of the Armstrong County Court of Common Pleas, and, as a result, is a part of the Commonwealth's unified judicial system. 42 Pa. Cons. Stat. Ann. §§ 901, 911, 1122, 1301, 1321.  In *Haybarger v. Lawrence County Adult Probation and Parole*,  551 F,3d 193,202 (3d Cir. 2008) the Court found that the Adult Probation and Parole Office is an arm of the state entitled to Eleventh Amendment Immunity. *See Callahan v. City of Philadelphia,* 207 F.3d 668, 672 (3d Cir. 2000) (noting that "[a]ll courts and agencies of the unified judicial system" are part of the Commonwealth government).

Given this protection, a Pennsylvania court entity can only be sued in federal court if it or the state generally has consented to such suits.  See 42 Pa.C.S.A. § 8521(b) ("nothing contained in this subchapter [Actions Against Commonwealth Parties] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"); *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) ("[b]y statute, Pennsylvania has specifically withheld consent" to suit in federal court) (citing 42 Pa.C.S.A. § 8521(b)).

     **B.   Regina Himes and Erika Kirkpatrick in their official capacities are not persons subject to suit under 42 U.S.C. § 1983.**

A claim under Section 1983 must allege that a "person" committed a violation. A defendant sued for damages in an official capacity is not a "person" under Section 1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 63 (1989). As discussed above, because the Section 1983 claims against Defendants are in their official capacity, the suit is actually against the Commonwealth of Pennsylvania and it is meritless. *See Hafer*, 502 U.S. at 26; *Callahan*, 207 F.3d at 670-73. None of the Defendants to this action are "persons" under § 1983 and thus cannot be sued under it. While the Eleventh Amendment's scope is not the same as the scope of 42 U.S.C. § 1983, the Supreme Court of the United States has held that Congress did not intend for Section 1983 to overcome the sovereign immunity of states embodied in the Eleventh Amendment. *Will v. Michigan Dep't of State Police,* 491 U.S.at 66-67. Therefore, states and their arms are not "persons" who can be held liable under Section 1983. *Id*. at 67. As such, Plaintiff's Section 1983 claims against the Defendants in their official capacities must be dismissed.

     **C.   Plaintiff's Request that this Honorable Court Compel the State Court Take Specific Action Is Improper.**

Plaintiff's prayer for relief is that this Honorable Court intervene in state court proceedings. Although Plaintiff labels the relief he seeks as "injunctive," he actually asks this Court to intervene in state Court proceedings and compel that Court to take certain actions. These requests for relief violate principles of federalism and comity. See *Lui v. Comm'n on Adult Entm't Establishments of Del*., 369 F.3d 319, 326 (3rd Cir. 2004); *In re General Motors Corp. Pick-Up Truck Fuel Tank Products*, 134 F.3d 133, 143 (3d Cir. 1998). This Court will not compel action by state entities or officials, or take over adjudicative decisions that are properly

decided by the state appeals Courts.  Pursuant to 28 U.S.C. § 1361, federal district Courts have jurisdiction over actions seeking to compel federal, not state, officers and employees to perform ministerial duties.  *Steinberg v. Supreme Court of Pa.*, 2009 U.S. Dist. LEXIS 49980, 83-84 (W.D. Pa.  2009); *Lebron v. Armstrong*, 289 F.Supp.2d 56, 58 (D.Conn. 2003); *Robinson v. People of the State of Illinois*, 752 F.Supp. 248, 248-49 (N.D.Ill. 1990)("Federal courts have no general power to compel action by state officers . . .").  See also *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

Plaintiff's request to have this Court interfere with the rulings and the proceedings in state Court violates principles of federalism and comity.  See *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, supra.; In re Brown*, 382 Fed. Appx. 150, 150-51 (3rd Cir. 2010), citing *In re Tennant*, 359 F.3d 523, 531, 360 U.S. App. D.C. 171 (D. C. Cir. 2004); see also *Hoey v. Toprani*, 285 Fed. Appx. 960, 961 (3d Cir. 2006). Therefore, Plaintiff's request for injunctive relief must be denied.

### D.  Declaratory Relief Is Not Available to Adjudicate Past Conduct

Declaratory relief is not available to adjudicate past conduct.   Under the Uniform Declaratory Judgment Act of 1922, § 2, the purpose of a declaratory judgment is to declare parties' "rights, status or other legal relations . . .[as] affected by statute, municipal ordinance, contract or other franchise," and is thus not applicable here.

In *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84-85 (3rd Cir. 2006), the plaintiff requested that the Court declare that a judge violated his constitutional rights.  The Third Circuit Court of Appeals held that:

> We believe that Corliss is not seeking declaratory relief in the true legal sense, however.  See Fed. R.Civ.P. 57; 28 U.S.C. § 2201.  In his First Amended Complaint, Corliss asks that the District Court 'declare' that his constitutional rights were violated.  Declaratory

> judgment is inappropriate solely to adjudicate past conduct. Gruntal & Co., Inc. v. Steinberg, 837 F. Supp. 85, 89 (D. N.J. 1993). Nor is declaratory judgment meant simply to proclaim that one party is liable to another. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994).

See *also Crown, Cork & Seal co. v. Borden, Inc*., 779 F. Supp. 33(E.D. Pa. 1991); *Grime v. Colburn's Air Conditioning & Refrigeration, Inc*., 2009 U.S. Dist. 75344 (W.D. Pa. 2009), aff'd 382 Fed. Appx. 203 LEXIS 10930 (3rd Cir. 2010).

Here, Plaintiff does not ask this Court to declare the parties' rights, status or other legal relations as affected by statute, municipal ordinance, contract or other franchise. Rather, as in *Corliss*, he requests that this Court declare that the actions of the probation department violated his constitutional rights. For this reason, declaratory relief is not available to him in this context.

### III.    CONCLUSION

Based on the foregoing, Defendants Regina Himes and Erika Kirkpatrick, respectfully request this Honorable Court dismiss with prejudice all claims against them in their official capacity.

Respectfully submitted,

/s/Caroline Liebenguth
CAROLINE LIEBENGUTH, ESQUIRE
Attorney I.D. No. PA37572
Supreme Court of Pennsylvania
Administrative Office of PA Courts
Frick Building, Suite 416
Pittsburgh, PA  15219
Caroline.Liebenguth@pacourts.us
(412) 565-5032, Fax: (412) 565-3025

*Attorney for Regina Himes and Erika Kirkpatrick in their official capacities*