IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. KAMMERDIENER, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ARMSTRONG COUNTY, )<br>PHILLIP SHAFFER, Warden of the )<br>Armstrong County Jail, in his official )<br>and individual capacity, )<br>REGINA HIMES, Chief Adult Probation )<br>Officer of Armstrong County, in her )<br>official and individual capacity )<br>and ERIKA KIRKPATRICK, in her )<br>official and individual capacity )<br>)<br>          Defendants. ) | No.   18--1484<br><br><br>Judge Cathy Bissoon<br>Magistrate Judge Maureen P. Kelly |

**BRIEF IN OPPOSITION TO REGINA HIMES' AND ERIKA KIRKPATRICK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT SUBMITTED ON BEHALF OF REGINA HIMES AND ERIKA KIRKPATRICK IN THEIR OFFICIAL CAPACITIES ONLY**

      **AND NOW,** comes Plaintiff, Ronald E. Kammerdiener, by and through his attorneys, THE LINDSAY LAW FIRM, P.C., Alexander H. Lindsay, Jr., Esquire and Jessica L. Tully, Esquire, and files this Brief in Opposition to Regina Himes' and Erika Kirkpatrick's Motion to Dismiss Plaintiff's First Amended Complaint Submitted on Behalf of Regina Himes and Erika Kirkpatrick In Their Official Capacities Only.

FACTUAL BACKGROUND

      On November 8, 2016, Mr. Kammerdiener was arrested in Clarion County, Pennsylvania, on a bench warrant from Armstrong County for alleged contempt of court for failure to make payments of fines and costs pursuant to a "Consent Order" entered into on March 6, 2015. (First Amended Complaint, ¶ 13).  The "Consent Order" stated that "Defendant is sentenced to a term

of incarceration in the Armstrong County Jail, not to exceed six months." (First Amended Complaint, ¶ 14).  The "Consent Order" did not state how long Mr. Kammerdiener was to be sentenced and merely stated his term of incarceration was not to exceed six months. (First Amended Complaint, ¶ 15).  The "Consent Order" did not waive Mr. Kammerdiener's right to counsel or right to a hearing. (First Amended Complaint, ¶ 16).

Mr. Kammerdiener was taken to the Clarion County Correctional Facility, where he was held for eight days and he was not able to speak to a counselor nor did he go before a magistrate or judge during that period.  (First Amended Complaint, ¶ 17).   On November 16, 2016, Mr. Kammerdiener was picked up by Armstrong County Probation Officer, Erika Kirkpatrick, and another male probation officer, and transported to the Armstrong County Jail.  (First Amended Complaint, ¶¶ 18-19).   Ms. Kirkpatrick did not take Mr. Kammerdiener before a judge or magistrate.  (First Amended Complaint, ¶ 19).

On that same date, November 16, 2016, while Mr. Kammerdiener was spending his 72 hours in the intake area cell, he completed an application for a public defender. (First Amended Complaint, ¶¶ 20-21), but he received no response.  On November 25, 2016, Mr. Kammerdiener put a request into Deputy Warden Roofner, asking him to find out if Mr. Kammerdiener qualified for a public defender. (First Amended Complaint, ¶ 22).  Mr. Kammerdiener also put a request into the jail counselor's office to call the public defender's office on November 25, 2016, to which he received a response from the counselor stating "We are not permitted to contact the public defender's office any longer.  However, you can call on Tuesdays and Thursdays." (First Amended Complaint, ¶¶ 23-24).  Mr. Kammerdiener could only make collect calls from the phone on the Pod that he was housed in and the Public Defender's Office would not accept collect calls. (First Amended Complaint, ¶ 26).   On December 9, 2016, he wrote a letter to Probation Officer Erika

Kirkpatrick, to which Probation Officer Kirkpatrick responded on January 18, 2017, over one month later. (First Amended Complaint, ¶¶ 30-31). Therein, she set forth that Mr. Kammerdiener would remain incarcerated in the Armstrong County Jail until the balance of his costs and fines was paid in full or at the end of a 6-month period of incarceration. (First Amended Complaint, ¶ 32).

On January 13, 2017, Mr. Kammerdiener placed a request to know to his counselor, an individual named Brenda, if he would be having a hearing to explain his situation to a judge. (First Amended Complaint, ¶ 33). The response Mr. Kammerdiener received to his request was "There won't be a hearing. I'm sorry." (First Amended Complaint, ¶ 34). On March, 4, 2017, Mr. Kammerdiener placed a request to the counselor, an individual named Lisa, to call the public defender's office. (First Amended Complaint, ¶ 35). The counselor responded that, "We are not permitted to let you call" and that Mr. Kammerdiener would have to write a letter to the public defender's office and the letter would be taken to the courthouse. (First Amended Complaint, ¶ 36). Accordingly, on March 4, 2017, Mr. Kammerdiener wrote a letter to the public defender's office along with another application for a public defender, to which he never received no response. (First Amended Complaint, ¶ 37). On approximately eight or nine occasions, Mr. Kammerdiener asked his counselors if they could call the public defender's office. (First Amended Complaint, ¶ 38).

On May 5, 2017, Mr. Kammerdiener was taken to an Attorney-Client room where Probation Officer Erika Kirkpatrick met with him and directed him to sign a new consent order, which indicated, in violation of clearly established law, that if Mr. Kammerdiener failed to make payments he would be incarcerated without a hearing. (First Amended Complaint, ¶ 39). Mr. Kammerdiener served 6 months for contempt of court without being afforded a hearing or counsel

and was released from the Armstrong County Jail on May 7, 2017. (First Amended Complaint, ¶ 40). He was never afforded the right to talk to a public defender, magistrate or judge. (First Amended Complaint, ¶ 43). Defendants, Regina Himes and Erika Kirkpatrick, required individuals, including Mr. Kammerdiener, to sign paperwork, i.e., "consent" orders, which state that if the individual failed to make payments that they would automatically be placed in jail. (First Amended Complaint, ¶ 46). Mr. Kammerdiener is still under threat of potential incarceration and imprisonment for failure to pay costs and fines based on the May 2017 consent order, and he seeks declaratory and injunctive relief. (First Amended Complaint, ¶¶ 8 and 10).

## ARGUMENT

A. *Plaintiff's claims against Regina Himes and Erika Kirkpatrick in their official capacities are not barred by the Eleventh Amendment because Plaintiff is seeking prospective declaratory and injunctive relief.*

Defendants are incorrect in their argument that all claims against Ms. Himes and Ms. Kirkpatrick are barred by the Eleventh Amendment. Ms. Himes and Ms. Kirkpatrick are being sued in their official capacities for declaratory and prospective injunctive relief, which is proper. (First Amended Complaint, ¶¶ 8 and 10). The United States Supreme Court considered this argument regarding the Eleventh Amendment and held in *Ex parte Young*, 209 U.S. 123 (1908), that a suit against a state official may go forward where the suit is seeking prospective injunctive relief for violations of federal law. *See also Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974) (stating, "damages against individual defendants are a permissible remedy in some circumstances notwithstanding the fact that they hold public office that damages also may be appropriate" and stating, "*Ex parte Young* teaches that, when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that

Constitution, and he is, in that case, stripped of his official or representative character, and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.").

Here, Defendants violated federal constitutional law and Mr. Kammerdiener remains under threat of having those rights violated again. Mr. Kammerdiener was required to sign an order by Ms. Himes and Ms. Kirkpatrick on or about May 5, 2017, which indicates that if Mr. Kammerdiener fails to make payments he could again be incarcerated without a hearing or being afforded counsel. (*See generally* First Amended Complaint). Additionally, Mr. Kammerdiener has sought permanent injunctive relief that prospectively enjoins the defendants from enforcing such order as it violates his federal constitutional rights. Although Mr. Kammerdiener has not been incarcerated due to the consent order since May 5, 2017, it's understandable for an individual with his history to be in fear that the consent order could be enforced at any time. The Eleventh Amendment does not operate to prohibit claims against state officers where the Plaintiff is seeking prospective declaratory and injunctive relief, therefore, Defendants' position is meritless.

B.  *Plaintiff is not seeking monetary damages against Ms. Himes and Ms. Kirkpatrick in their official capacities, but is seeking monetary damages against them in their individual capacities.*

Plaintiff is not seeking monetary damages against Ms. Himes and Ms. Kirkpatrick in their official capacities. Plaintiff is seeking prospective injunctive relief against them in their official capacity, therefore, there is nothing to dismiss. Mr. Kammerdiener's monetary claims against Defendants are in their individual capacities.

C.  *Plaintiff is Not Requesting this Court to Compel the State Court Take Specific Action.*

Plaintiff does not seek intervention in any ongoing or prior state court proceedings.  Mr. Kammerdiener is seeking a prospective injunction preventing Ms. Kirkpatrick and Ms. Himes from arresting and imprisoning Mr. Kammerdiener in the future for any failure to make payments, without the requisite procedural protections afforded by law. There is no expiration date on the new consent order, so Mr. Kammerdiener could be arrested and imprisoned at any time without a hearing and without an opportunity to speak to counsel.  Mr. Kammerdiener is not seeking to have this Court interfere with any prior rulings or proceedings because there was no prior rulings or proceedings. Similarly, there are no ongoing proceedings for which Mr. Kammerdiener is seeking to compel action. The Court should reject Defendant's position because it is meritless.

D.  *Plaintiff is requesting prospective declaratory relief to prevent himself from being unlawfully arrested and incarcerated without any process because he was compelled by Defendants to sign a new consent order that violates Pennsylvania law and federal due process.*

During Mr. Kammerdiener's six months of incarceration at both the Clarion County Jail and at the Armstrong County Jail, he was never afforded the right to talk to a public defender, magistrate or judge.  Mr. Kammerdiener should have had a hearing wherein he would receive his sentence because the "Consent Order" merely stated his term of incarceration was not to exceed six months. Mr. Kammerdiener's incarceration violated Pennsylvania law, his rights under the Pennsylvania Constitution, and the federal constitution.

Ms. Himes and Ms. Kirkpatrick required Mr. Kammerdiener to sign an order on May 5, 2017, which means they could again disregard Pennsylvania and federal law and imprison Mr. Kammerdiener without a hearing and without being able to speak to an attorney if he fails to make payments. Mr. Kammerdiener is seeking prospective declaratory relief that his rights under the

Pennsylvania and United States Constitution would be violated if Defendants were to arrest and incarcerate him without any process. Therefore, declaratory relief and prospective injunctive relief are available. The Defendants cite *Corliss v. O'Brien*, 200 Fed.Appx. 80 (3d Cir. 2006) as to its claim that declaratory relief is not available here, however, that case is distinguishable from Mr. Kammerdiener's. Mr. Kammerdiener is not seeking a declaration that a judge violated his constitutional rights by making rulings against him. As there were no hearings or rulings by a judge, it would not be possible for Mr. Kammerdiener to make a claim against a judge. Again, Defendants' position is without merit.

## CONCLUSION

Defendants' Motion to Dismiss should be denied. Plaintiff's prospective declaratory and injunctive relief requests are not barred by the Eleventh Amendment. Mr. Kammerdiener is not seeking to compel this Court to intervene in any ongoing or prior State Court proceeding. He is seeking to prevent himself from being re-arrested and re-incarcerated based on procedures and policies that deny him access to a hearing and counsel again.

Mr. Kammerdiener is not challenging the state court finding him in contempt of court for failure to make payments of fines and costs. During Mr. Kammerdiener's six months of incarceration at both the Clarion County Jail and at the Armstrong County Jail, he was never afforded the right to talk to a public defender, magistrate or judge. Mr. Kammerdiener should have had a hearing wherein he would receive his sentence because the "Consent Order" merely stated his term of incarceration was not to exceed six months. He at not time waived his right to an attorney or right to a hearing in front of a judge.

Mr. Kammerdiener had a fundamental right to a court hearing prior to any punishment for

nonpayment of fines, costs, or restitution and should have had a court hearing before being jailed as well as the right to an attorney. Mr. Kammerdiener had a statutory and rule-based right to a hearing prior to imprisonment to determine if he was financially able to pay the fines and costs. Pa.R.Crim.P. 706(a); 42 Pa. C.S. § 9772. Mr. Kammerdiener's incarceration violated Pennsylvania law, his rights under the Pennsylvania Constitution, and the federal constitution.

Defendants' Motion to Dismiss the claims against them in their official capacities should be rejected.

Respectfully submitted:

The Lindsay Law Firm, P.C.,

s/ *Alexander H. Lindsay, Jr.*
Alexander H. Lindsay, Jr., Esq.
Pa. Supreme Court Id. No. 15088

s/ *Jessica L. Tully*
Jessica L. Tully
Pa. Supreme Court Id. No. 324691

110 East Diamond Street
Suite 301
Butler, PA 16001
Phone:  (724) 282-6600
Fax:  (724) 282-2672

Attorneys for Plaintiff