# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. KAMMERDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1484 |
| | ) | District Judge Cathy Bissoon |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ARMSTRONG COUNTY, PHILLIP | ) | |
| SHAFFER, REGINA HIMES, and ERIKA | ) | Re: ECF No. 28 |
| KIRKPATRICK, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Plaintiff Ronald E. Kammerdiener ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983, arising out of allegations that Plaintiff was wrongfully imprisoned for six months without a hearing and denied access to a lawyer after he failed to pay financial penalties associated with his prior criminal convictions.

Presently before the Court is a Partial Motion to Dismiss Plaintiff's First Amended Complaint Submitted on Behalf of Regina Himes and Erika Kirkpatrick in their Official Capacities Only ("Motion to Dismiss").  ECF No. 28.  For the reasons set forth below, it is respectfully recommended that the Motion to Dismiss be granted.

## II.    REPORT

### A.  FACTUAL AND PROCEDURAL BACKGROUND

#### 1.  Factual Background

In the operative First Amended Complaint (the "Amended Complaint"), ECF No. 26, Plaintiff claims that he was arrested on a bench warrant from Armstrong County for contempt of

court on November 8, 2016.  Id. ¶ 13.  Plaintiff allegedly had failed to make payments of fines and

costs as required by a March 6, 2015 Consent Order (the "2015 Order").  Id.  In relevant part, the

2015 Order states:

> [T]he Defendant having consented to the entry of this Order, the Defendant is
> hereby ADJUDGED to be in civil contempt.  In connection therewith, the
> Defendant is sentenced to a term of incarceration in the Armstrong County Jail, not
> to exceed six months commencing on November 1, 2022, at 9:00 a.m.  The
> Defendant may purge him/herself of this contempt and thereby do away with the
> necessity of serving any portion of the jail term hereby imposed by complying with
> the following conditions:
>
> **PAY $25.00 MONTHLY, BEGINNING MAY 1, 2015, UNTIL ALL MONIES
> DUE HAVE BEEN PAID *AND* INFORM THE PROBATION
> DEPARTMENT OF ALL ADDRESS CHANGES.**
>
> If the Defendant fails to comply with any of the above stated purge conditions, the
> date that his/her jail term is to commence shall accelerate to the day immediately
> following the date of first noncompliance.  If the Defendant fails to report to the
> jail as required, a bench warrant will be issued for his/her arrest and incarceration
> without further hearing or notice.

ECF No. 25-1.[1]

After being incarcerated in the Clarion County Correctional Facility for eight days without

a hearing or ability to speak with a counselor, Plaintiff was transported by two Armstrong County

probation officers, including Defendant Erika Kirkpatrick ("Kirkpatrick"), to the Armstrong

County Jail.  ECF No. 26 ¶¶ 18-19.  He remained incarcerated at the Armstrong County Jail for

six months.  Id. ¶ 40.  Throughout this time, Plaintiff claims he was not provided access to a hearing

and was unable to speak with a public defender, despite his repeated efforts to do so.  Id. ¶¶ 20-

37, 40, 43-44.

---

[1] The Court takes judicial notice of the consent orders.  See DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D.
Pa. 1996) (holding that the court is "entitled to take judicial notice of public records in considering a motion for
dismissal or motion for judgment on the pleadings").

On December 9, 2016, Plaintiff wrote a letter to Kirkpatrick describing his situation and requesting information regarding his options.  Id. ¶¶ 29-30.  Kirkpatrick responded on January 18, 2017, indicating that Plaintiff would remain incarcerated until the balance of his costs was paid or at the end of a six-month incarceration period.  Id. ¶¶ 31-32.

On May 5, 2017, Plaintiff met with Kirkpatrick.  She directed him to sign a new consent order (the "2017 Order").  Id. ¶ 39.  The 2017 Order contains substantially the same provisions as the 2015 Order, but it includes amended dates in the portion of the Order related to his payment plan and starting date of his term of incarceration.  ECF No. 25-1 at 3.  The 2017 Order was entered by the Court of Common Pleas of Armstrong County on May 19, 2017, and the 2015 Order was vacated on the same date.  Id. at 3-4.  Plaintiff claims that both Kirkpatrick and Chief Adult Probation Officer Regina Himes ("Himes") required inviduals, including Plaintiff, to sign "consent" orders, which stated that if the individual failed to make payments, they would automatically be placed in jail.  ECF No. 26 ¶¶ 7, 46.

Plaintiff claims that the Armstrong County Jail and its warden, Defendant Phillip Shafer, executed a "policy and/or custom and/or practice of automatically holding and jailing, without a hearing or appointment of counsel, individuals who failed to make paments of costs and fines."  Id. ¶ 69.  With respect to Himes and Kirkpatrick, Plaintiff broadly alleges that they had "actual knowledge" of his incarceration without a hearing, "acquiesced" to individuals being detained without a hearing, and that Himes has "personally directed" individuals be detained without a hearing.  Id. ¶¶ 67-68.

### 2. Plaintiff's Original Complaint

Plaintiff filed his original Complaint on November 6, 2018.  ECF No. 1.  Based upon the underlying factual allegations above, Plaintiff claimed that the 2015 Order was "facially defective

as, on its face, it permitted incarceration for six months without a court hearing (or any process) to determine the individual's ability to pay, in violation of multiple Pennsylvania Rules of Criminal Procedure, Pennsylvania statutory law, the Pennsylvania Constitution, and the federal constitution." Id. ¶ 14.

Plaintiff asserted five claims.  He alleged violations of his Fourteenth Amendment due process rights (Count I); Sixth and/or Fourteenth Amendment right of counsel (Count II); Fourth or Fourteenth Amendment right against wrongful detainment (Count III); and Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment (Count IV).  Id. ¶¶ 44-103.  Plaintiff also asserted a claim for false imprisonment (Count V).  Id. ¶¶ 104-107.  Plaintiff asserted Counts I through IV, only, against Defendants Himes and Kirkpatrick in their official and individual capacities.

### 3. Defendants' Prior Motion to Dismiss

Himes and Kirkpatrick filed a partial Motion to Dismiss the claims against them in their official capacities on January 7, 2019.  ECF No. 11.  Per the Court's order, ECF No. 19, the parties filed supplemental briefing on the applicability of the Rooker-Feldman doctrine and whether Heck barred the claims raised in Plaintiff's Complaint.  ECF Nos. 21, 22 and 23; see also Heck v. Humphrey, 512 U.S. 477 (1994); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

### 4. The Court's Disposition of the Prior Motion to Dismiss

On August 7, 2019, the undersigned filed a Report and Recommendation ("R&R"), recommending that Plaintiff's federal Constitutional violations (Counts I through IV) be dismissed with prejudice, as each is barred by Heck and the Rooker-Feldman doctrine.  ECF No. 24.  We

further recommended that the Court decline to exercise jurisdiction over Plaintiff's remaining state law claim for false imprisonment (Count V).

On August 29, 2019, District Judge Cathy Bissoon issued a Memorandum Order adopting in part, and rejecting in part, the R&R.  ECF No. 25.  Upon review, Judge Bissoon agreed that "those aspects of the Complaint that attack the 2015 and 2017 Orders are barred by Heck."  Id. at 3.  However, she found the record was not developed enough to conclusively say that Counts I though IV are barred, noting that "Plaintiff's supplemental briefing clarifies that the gravamen of his allegations appears to be that he was injured by Defendants' conduct that was not dictated or necessitated by the contempt conviction or the 2015 Orders."  Id.

As set forth in the Memorandum Order:

> It is true that the 2015 Orders accelerated Plaintiff's incarceration to the day immediately following his first noncompliance, and authorized a bench warrant to be issued and him to be initially incarcerated without notice or hearing.  Plaintiff appears to agree that the 2015 Orders did so and he states in his Brief that he does not challenge those aspects of the Orders in this suit.  Heck is no bar if Plaintiff is not challenging his conviction for contempt nor actions by Defendants caused by the 2015 Orders.  See Heck, 512 U.S. at 487 ("[I]f the district court determined that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should not be allowed to proceed, in the absence of some other bar to the suit.").

> Second, as the Court sees it, Plaintiff's filings do plausibly allege that his rights were violated, and it is where the Consent Orders stop that his actual injuries begin.  As for Plaintiff's allegation he should have been afforded an attorney, the 2015 Orders do not mention Plaintiff's right to counsel, or any waiver thereof, during his incarceration.  Additionally, regarding the term of incarceration to be served, the 2015 Orders do not state that Plaintiff will be incarcerated for six months if he fails to comply; rather, they read that "Defendant is sentenced to a term of incarceration in the Armstrong County Jail, not to exceed six months."  It appears then, if reading Plaintiff's allegations in the light most favorable to him, that he is complaining of injuries that can in fact be separated from the 2015 Orders.  See Tarapchak v. Schuylkill Cty., 2014 WL 4626701, at *13 (M.D. Pa. Sept. 15, 2014) (Finding Rooker-Feldman did not bar plaintiff's injury when it "while indirectly related, did not stem from, nor was it 'caused by' the same contempt order that [the plaintiff] complains about in her amended complaint.").

5

> Where Plaintiff's incarceration occurred under the circumstances alleged in the Complaint and in Plaintiff's Brief, and persisted without access to counsel or a hearing of any kind, the Court cannot say at this juncture that his Complaint is wholly barred. See Turner v. Rogers, 564 U.S. 431, 449 (2011) (incarceration for civil contempt without counsel or alternative procedures to assess ability to pay violated Due Process Clause); see also Commonwealth v. Diaz, 191 A.3d 850, 863 (Pa. Super. Ct. 2018) ("Here, because Appellant was imprisoned, he should have been afforded the opportunity to demonstrate entitlement to court-appointed counsel.").

Id. at 3-4.

Accordingly, the Court dismissed Plaintiff's original Complaint, ECF No. 1, without prejudice and permitted him to file an amended complaint on or before September 12, 2019.  Id. at 5.

### 5.  Plaintiff's First Amended Complaint

Plaintiff filed his First Amended Complaint on September 11, 2019.  ECF No. 25.  In addition to asserting the factual allegations set forth above, Plaintiff amended his Complaint to allege that the 2015 Order "did not waive [Plaintiff's] right to counsel or right to a hearing."  Id. ¶ 16.  Moreover, he alleges that the 2015 Order "did not state how long [Plaintiff] was to be sentenced and merely stated his term of incarceration was not to exceed six months."  Id. ¶ 15.  He also asserts, however, that the 2017 Order "indicated, in violation of clearly established law, that if [Plaintiff] failed to make payments he would be incarcerated without a hearing."  Id. ¶ 39.

Plaintiff pleads the same five claims as his original Complaint, with Counts I through IV, only, asserted against Defendants Himes and Kirkpatrick.  Id. ¶¶ 51-122.  With respect to Himes and Kirkpatrick, he alleges that, as Armstrong County probation officers, they are state officials under Pennsylvania law.  Id. ¶ 11.  Each is "sued in her official capacity for declaratory and injunctive relief and in her personal capacity for damages."  Id. ¶¶ 8, 10.

### 6.   The Instant Motion to Dismiss

Himes and Kirkpatrick, in their official capacities, filed the instant Motion to Dismiss and Brief in Support on September 25, 2019.  ECF Nos. 28 and 29.  Plaintiff filed a Brief in Opposition on October 16, 2019.  ECF No. 31.  The Motion to Dismiss is ripe for consideration.

### B.  STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the

elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### C. DISCUSSION

In the instant partial Motion to Dismiss, Defendants Himes and Kirkpatrick argue that Plaintiff's claims against them in their official capacities should be dismissed.[2]   ECF No. 29. Defendants assert that these claims are barred by the Eleventh Amendment, arguing that a suit against a state official in her official capacity is deemed a suit against the state, as the "real party in interest" is the government entity of which the official is an agent. Id. at 1-2. Here, because the Probation Department is a subunit of the Armstrong County Court of Common Pleas, which is part of the Commonwealth's judicial system, Defendants argue that any claims against them in their official capacity are subject to Eleventh Amendment state sovereign immunity. Id. at 2-3. Defendants further argue that a defendant sued in an official capacity is not a "person" that can be sued under 28 U.S.C. § 1983. Id. at 4.

In addition, Defendants argue that the relief Plaintiff seeks is improper.  With respect to Plaintiff's request for injunctive relief, Defendants argue that this request is invalid, because it asks this Court to intervene in state court proceedings and compel the state court to take certain actions, thereby violating principles of federalism and comity. Id. at 4-5.  Defendants also argue that declaratory relief is not available to address past conduct. Id. at 5-6.

In his Brief in Opposition, Plaintiff contends that dismissal is improper because suits against state officials in their official capacities may go forward where the plaintiff is seeking prospective injunctive relief for violations of federal law, pursuant to the United States Supreme

---

[2] Defendants' instant Brief in Support, ECF No. 29, is nearly identical to the previous brief submitted in support of their Partial Motion to Dismiss Plaintiff's original Complaint, ECF No. 12.

Court's decision in Ex Parte Young, 209 U.S. 123 (1908).  ECF No. 31 at 4.  Because Plaintiff's official capacity claims seek prospective declaratory and injunctive relief, he argues, they are properly asserted.  Id.

Specifically, Plaintiff argues that Defendants violated "violated federal constitutional law and [Plaintiff] was required to sign an order by Ms. Himes and Ms. Kirkpatrick on or about May 5, 2017, which indicates that if [Plaintiff] fails to make payments he could again be incarcerated without a hearing or being afforded counsel." Id. at 5.  Plaintiff seeks "permanent injunctive relief that prospectively enjoins the defendants from enforcing such order as it violates his constitutional rights." Id.  Although Plaintiff has not been reincarcerated pursuant to the 2017 Order, he argues, "it's understandable for an individual with his history to be in fear that the consent order could be enforced at any time." Id. [3]

Upon review, we recommend that claims against Himes and Kirkpatrick in their official capacities should be dismissed.  A lawsuit against a state official in her official capacity, as here, is effectively a suit against the state.  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  "Under the Eleventh Amendment, a state is immune from suit except where Congress has abrogated that immunity through its power to enforce the Fourteenth Amendment or where the state has consented to be sued."  O'Callaghan v. Hon. X, 661 F. App'x 179, 181 (3d Cir. 2016) (citing Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194-96 (3d Cir. 2008)).

While certain claims for prospective relief are not barred by the Eleventh Amendment under the doctrine of Ex Parte Young, Plaintiff does not properly claim a right to such relief.  See Iles v. de Jongh, 638 F.3d 169, 177 (3d Cir. 2011) (noting that a "state employee may be sued in

---

[3] Despite amending his Complaint in accordance with the Court's Memorandum Order, ECF No. 25, Plaintiff largely reiterates the same argument that he asserted in his response to Defendants' original Motion to Dismiss, in which he similarly argued that the Court should enjoin the enforcement of the 2017 Order because it violates his Constitutional rights.  Compare ECF No. 15 at 4 with ECF No. 31 at 5.

his official capacity only for 'prospective' injunctive relief, because 'official-capacity actions for prospective relief are not treated as actions against the State'") (quoting Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 n. 10 (1989)).  In his Brief in Opposition, Plaintiff argues that the Court should enjoin Defendants from enforcing the 2017 Order, because the order "indicates that if [Plaintiff] fails to make payments he could again be incarcerated without a hearing or being afforded counsel."  ECF No. 31 at 5.  This particular relief, however, is neither requested in, nor supported by, the allegations in Plaintiff's Amended Complaint.  Plaintiff amended his Complaint to claim that the language of the consent orders "did not waive [Plaintiff's] right to counsel or right to a hearing."  ECF No. 26 ¶ 16.  Moreover, this Court previously held that "those aspects of the Complaint that attack the 2015 and 2017 Orders are barred by Heck."  ECF No. 25 at 3.  Thus, to the extent that Plaintiff seeks to challenge the 2017 Order, there is no viable claim for prospective relief on these grounds.

Plaintiff does not assert any other viable claim for prospective relief as to Himes and Kirkpatrick pursuant to doctrine of Ex Parte Young.  In order to avoid an Eleventh Amendment bar to suit, plaintiff must allege an "ongoing violation of federal law" and seek "relief properly characterized as prospective."  Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).  Upon review of Plaintiff's Amended Complaint, the only arguably "ongoing" violation that Plaintiff pleads, and which does not arise out of the 2017 Order, is the Armstrong County Jail's alleged policy, custom, and/or practice of "automatically holding and jailing, without a hearing or appointment of counsel, individuals who failed to make payments of fines costs and fines."  ECF No. 26 ¶ 69.  There are no factual allegations to suggest, however, that probation officers Himes and Kirkpatrick have any role in creating, implementing, or enforcing this policy, and therefore this prospective relief is not properly sought as to Himes and Kirkpatrick.  See also

Calzone v. Hawley, 866 F.3d 866, 869 (8th Cir. 2017) ("A suit for injunctive or decalatory relief avoids [state sovereign] immunity if the official has some connection to the enforcement of the challenged laws"); Lucero v. Hensley, 920 F. Supp. 1067, 1076 (C.D. Cal 1996) ("Even in their official capacities, however, defendants must somehow be at fault to be liable under Section 1983").

In the absence of any plausible claim for prospective relief pursuant to Ex Parte Young, Plaintiff's official capacity claims against Himes and Kirkpatrick are barred by the Eleventh Amendment.  We therefore recommend that the Motion to Dismiss be granted, and that the claims against Himes and Kirkpatrick in their official capacities, only, be dismissed.

### D.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant the Partial Motion to Dismiss Plaintiff's First Amended Complaint Submitted on Behalf of Regina Himes and Erika Kirkpatrick in their Official Capacities Only, ECF No. 28, and dismiss the official capacity claims against Himes and Kirkpatrick.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated:  April 1, 2020                             Respectfully submitted,


                                                  */s/ Maureen P. Kelly*
                                                  MAUREEN P. KELLY
                                                  UNITED STATES MAGISTRATE JUDGE

11

cc:     The Honorable Cathy Bissoon
        United States District Judge

        All counsel of record by CM-ECF