IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. KAMMERDIENER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1484 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Maureen P. Kelly |
| ARMSTRONG COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On April 2, 2020, Magistrate Judge Kelly issued a Report ("R&R," Doc. 32) recommending the partial Motion to Dismiss filed by Defendants Regina Himes ("Himes") and Erika Kirkpatrick ("Kirkpatrick"), ("Motion to Dismiss," Doc. 28), be granted. Specifically, the R&R concluded that all of the allegations in Plaintiff's First Amended Complaint, ("Amended Complaint," Doc. 26), made against these Defendants in their official capacities were barred by the Eleventh Amendment. (R&R at 9.)

The Court has conducted a *de novo* review of the Amended Complaint, the partial Motion to Dismiss, and Plaintiff's Response in Opposition, ("Response," Doc. 31), together with the R&R. The Magistrate Judge's R&R will be adopted in part and rejected in part.

First, the Court agrees with and adopts the R&R's conclusion that any suit against Defendants Himes and Kirkpatrick in their official capacity is "a suit against the state" and therefore, unless the state has consented, is generally barred by the Eleventh Amendment.

1

Kentucky v. Graham, 473 U.S. 159, 166 (1985); (R&R at 9.)  However, the Court disagrees with the Magistrate Judge's conclusion that the exception to this Eleventh Amendment bar, that is, for claims made under the doctrine of Ex parte Young, is not applicable to Plaintiff's claims for prospective injunctive relief.  209 U.S. 123 (1908).

The Young doctrine provides that where a suit seeks prospective injunctive relief based upon state actions alleged to violate federal law or the Constitution, such suit is not barred by the the sovereign immunity clause of the Eleventh Amendment.  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 276–77 (1997) ("Our precedents do teach us, nevertheless, that where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar.").  The doctrine is "necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'"  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 105 (1984); (quoting Young, 209 U.S. at 160); see also Green v. Mansour, 474 U.S. 64, 68 (1985) ("[T]he Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law.")

In order to assess whether a viable claim has been alleged under Young, a court must conduct "a straightforward inquiry into whether [the] complaint alleged an ongoing violation of federal law and seeks relief properly characterized as prospective."  Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 645 (2002) (alteration in original).  This inquiry does not include any analysis of the merits of Plaintiff's claim.  Id. at 636–37.  Reviewing Plaintiff's allegations, in the light most favorable to him, the Court finds his allegations are sufficient to meet the exception to sovereign immunity under Young.

Generally, Plaintiff's Amended Complaint details the manner in which he claims enforcement of a 2015 consent order by state officials violated his federal rights. (See generally Amended Complaint at ¶¶ 12–50.) A consent order entered into in 2017 is substantially the same as the previous order,[1] and Plaintiff states he lives in fear that future, unconstitutional enforcement of that order will cause him the same harm. (E.g., Response at 5 ("Here, Defendants violated federal constitutional law and Mr. Kammerdiener remains under threat of having those rights violated again.").)

A close look at Plaintiff's pleading reveals that he has pleaded a Young claim. As to the first factor—the alleged ongoing violation of federal law—the R&R concludes that the only arguable ongoing violation alleged relates to the automatic holding and jailing of individuals without assessing their ability to pay. (R&R at 10.) Even if this was sufficient, according to the Magistrate Judge, she opined that Plaintiff had not put forth any "factual allegations to suggest . . . that Probation Officers Himes and Kirkpatrick have any role in creating, implementing, or enforcing this policy," and therefore has not properly claimed a right to prospective relief with respect to them. (R&R at 10.) The undersigned cannot agree.

The Amended Complaint has multiple allegations regarding the knowledge and conduct of Defendants Himes and Kirkpatrick with respect to the allegedly unconstitutional implementation and enforcement of consent orders, including that: Kirkpatrick picks up and transports individuals to jail; that Kirkpatrick told Plaintiff his only recourse was to pay fines in full or he would remain incarcerated for six months; that Kirkpatrick and Himes required signature of the consent orders and failed to bring Plaintiff before a judge or magistrate at any

---

[1] The Court previously took judicial notice of these Orders, and they were attached to its Memorandum Order dated August 29, 2019. (Doc. 25-1.)

time after a violation; that Himes "personally directed" violations and Kirkpatrick "had actual knowledge" that her conduct and the policy were violative of his federal rights. (Amended Complaint at ¶¶ 18–19; 30–32; 46; 67–68.) Plaintiff alleges that these actions are part of a policy, custom, and/or practice in which all Defendants continue to engage. (E.g., id. at 69, 72, 77, 93, 106, and 117.) Moreover, Plaintiff's allegations with respect to future enforcement of consent orders are based on his actual experience with such enforcement by these same Defendants in the past.

As to the second part of the inquiry—whether the relief is properly characterized as prospective—Plaintiff also has met his burden at this early stage. Every count asserted against Defendants Himes and Kirkpatrick includes a request for "prospective injunctive relief"[2] including "enjoining Defendants . . . from holding individuals arrested for alleged failure to pay costs and fines without taking them before a judge or magistrate to determine the person's ability to pay." (Amended Complaint at ¶¶ 77(iii) (Count I); 93(iii) (Count II); 106(iv) (Count III); 117(iii) (Count IV).) Plaintiff remains an individual against whom alleged unconstitutional enforcement could occur. (Id. at ¶ 39, 41; see also Response at 5.) Such a "prayer for injunctive relief—that state officials be restrained from enforcing an order in contravention of controlling federal law—clearly satisfies our 'straightforward inquiry.'" Verizon Maryland, Inc., 535 U.S. at 645.

Therefore, consistent with the above, it is ORDERED that the Magistrate Judge's R&R, (Doc. 32), is ADOPTED IN PART and REJECTED IN PART, and the partial Motion to Dismiss filed by Defendants Regina Himes and Erika Kirkpatrick, (Doc. 28), is GRANTED IN PART

---

[2] Paragraphs 7 and 9 of the Amended Complaint specify that Plaintiff brings such a claim for injunctive relief against Defendants Himes and Kirkpatrick, respectively, in their official capacities.

and DENIED IN PART.   Plaintiff has properly alleged a claim for relief against these Defendants in their official capacities pursuant to the doctrine of Ex parte Young.  However, with the exception of Plaintiff's allegations for prospective relief, all other allegations against Defendants Regina Himes and Erika Kirkpatrick in their official capacities are DISMISSED WITH PREJUDICE as barred by the Eleventh Amendment.

       IT IS SO ORDERED.


May 4, 2020                                                   s\Cathy Bissoon
                                                                            Cathy Bissoon
                                                                          United States District Judge


cc (via ECF email notification):

All Counsel of Record