# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD E. KAMMERDIENER, :
: CIVIL ACTION
*Plaintiff* :
: NO. 18--1484
v. :
:
ARMSTRONG COUNTY et.al., :
:
:
*Defendants* :

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT SUBMITTED ON BEHALF OF DEFENDANTS, REGINA HIMES AND ERIKA KIRKPATRICK , IN THEIR OFFICIAL CAPACITIES

**AND NOW** come Defendants Regina Himes and Erika Kirkpatrick in their official capacities, by undersigned counsel and submit the following Answer to Plaintiff's Amended Complaint.

### First Defense

Each of the numbered paragraphs in this First Defense is the answer of the Defendants to the same numbered paragraphs in Plaintiff's Amended Complaint.

1. The averments of this paragraph are conclusions of law requiring no response.

2. The averments of this paragraph are conclusions of law requiring no response.

3. The averments of this paragraph are conclusions of law requiring no response.

4. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, the averments are denied.

5. No response is required to the averments of this paragraph as they are not directed

to responding defendants.

6. No response is required to the averments of this paragraph as they are not directed to responding defendants.

7. The averments of this paragraph are admitted.

8. The averments of this paragraph are conclusions of law requiring no response.

9. The averments of this paragraph are admitted.

10. The averments of this paragraph are conclusions of law requiring no response.

11. The averments of this paragraph are conclusions of law requiring no response.

12. The preceding answers are incorporated herein as if fully set forth.

13. The averments of this paragraph are admitted.

14. The averments of this paragraph are admitted only to the extent that the consent order referenced is a document which speaks for itself. Plaintiff's attempts to characterize the consent order are therefore denied.

15. The averments of this paragraph are admitted only to the extent that the consent order referenced is a document which speaks for itself. Plaintiff's attempts to characterize the consent order are therefore denied.

16. The averments of this paragraph are admitted only to the extent that the consent order referenced is a document which speaks for itself. Plaintiff's attempts to characterize the consent order are therefore denied.

17. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, the averments are denied.

18. The averments of this paragraph are admitted.

19. The averments of this paragraph are admitted.

20. No response is required to the averments of this paragraph as they are not directed to responding defendants.

21. No response is required to the averments of this paragraph as they are not directed to responding defendants.

22. No response is required to the averments of this paragraph as they are not directed to responding defendants.

23. No response is required to the averments of this paragraph as they are not directed to responding defendants.

24. No response is required to the averments of this paragraph as they are not directed to responding defendants.

25. No response is required to the averments of this paragraph as they are not directed to responding defendants.

26. No response is required to the averments of this paragraph as they are not directed to responding defendants.

27. No response is required to the averments of this paragraph as they are not directed to responding defendants.

28. No response is required to the averments of this paragraph as they are not directed to responding defendants.

29. No response is required to the averments of this paragraph as they are not directed to responding defendants.

30. It is admitted that Plaintiff sent a letter with questions to the Probation Department. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the other averments in this paragraph. Therefore, the averments are denied.

31. The averments of this paragraph are admitted.

32. The averments of this paragraph are admitted.

33. No response is required to the averments of this paragraph as they are not directed to responding defendants.

34. No response is required to the averments of this paragraph as they are not directed to responding defendants.

35. No response is required to the averments of this paragraph as they are not directed to responding defendants.

36. No response is required to the averments of this paragraph as they are not directed to responding defendants.

37. No response is required to the averments of this paragraph as they are not directed to responding defendants.

38. No response is required to the averments of this paragraph as they are not directed to responding defendants.

39. It is admitted that Plaintiff signed a new consent order. The other averments of this paragraph are denied as stated.

40. The averments of this paragraph are denied.

41. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, the averments are denied.

42. The averments of this paragraph are conclusions of law requiring no response.

43. No response is required to the averments of this paragraph as they are not directed to responding defendants.

44. No response is required to the averments of this paragraph as they are not directed

to responding defendants.

45. No response is required to the averments of this paragraph as they are not directed to responding defendants.

46. The averments of this paragraph are denied.

47. No response is required to the averments of this paragraph as they are not directed to responding defendants.

48. The averments of this paragraph are denied.

49. The averments of this paragraph are conclusions of law requiring no response.

50. The averments of this paragraph are conclusions of law requiring no response.

51. The preceding answers are incorporated herein as if fully set forth.

52-58. The averments of this paragraph are conclusions of law requiring no response.

59. The averments of this paragraph are denied.

60. The averments of this paragraph are conclusions of law requiring no response.

61. The averments of this paragraph are conclusions of law requiring no response.

62. The averments of this paragraph are denied.

63. The consent order is a document which speaks for itself. Plaintiff's characterizations are therefore denied.

64. The averments of this paragraph are conclusions of law requiring no response.

65. No response is required to the averments of this paragraph as they are not directed to responding defendants.

66. No response is required to the averments of this paragraph as they are not directed to responding defendants.

67. The averments of this paragraph are denied.

68. The averments of this paragraph are denied.

69. No response is required to the averments of this paragraph as they are not directed to responding defendants.

70. The averments of this paragraph are denied.

71. No response is required to the averments of this paragraph as they are not directed to responding defendants.

72. The averments of this paragraph are denied.

73. The averments of this paragraph are conclusions of law requiring no response.

74. The averments of this paragraph are denied.

75. The averments of this paragraph are denied.

76. The averments of this paragraph are denied.

77. The averments of this paragraph are conclusions of law requiring no response.

78. The preceding answers are incorporated herein as if fully set forth.

79. The averments of this paragraph are conclusions of law requiring no response.

80. The averments of this paragraph are conclusions of law requiring no response.

81. The averments of this paragraph are conclusions of law requiring no response.

82. The averments of this paragraph are denied.

83. The averments of this paragraph are denied.

84. Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the averments in this paragraph. Therefore, the averments are denied.

85. The consent order is a document which speaks for itself. Plaintiff's characterizations are conclusions of law requiring no response.

86. The averments of this paragraph are denied.

87. No response is required to the averments of this paragraph as they are not directed to responding defendants.

88. The averments of this paragraph are denied.

89. The averments of this paragraph are conclusions of law requiring no response.

90. The averments of this paragraph are denied.

91. The averments of this paragraph are denied.

92. The averments of this paragraph are denied.

93. The averments of this paragraph are conclusions of law requiring no response.

94. The preceding answers are incorporated herein as if fully set forth.

95. The averments of this paragraph are conclusions of law requiring no response.

96. The averments of this paragraph are conclusions of law requiring no response.

97. The averments of this paragraph are conclusions of law requiring no response.

98. The averments of this paragraph are denied.

99. The averments of this paragraph are conclusions of law requiring no response.

100. No response is required to the averments of this paragraph as they are not directed to responding defendants.

101. The averments of this paragraph are denied.

102. The averments of this paragraph are conclusions of law requiring no response.

103. The averments of this paragraph are denied.

104. The averments of this paragraph are denied.

105. The averments of this paragraph are denied.

106. The averments of this paragraph are conclusions of law requiring no response.

107. The preceding answers are incorporated herein as if fully set forth.

108. The averments of this paragraph are denied.

109. The averments of this paragraph are denied.

110. The averments of this paragraph are denied.

111. No response is required to the averments of this paragraph as they are not directed to responding defendants.

112. The averments of this paragraph are denied.

113. The averments of this paragraph are denied.

114. The averments of this paragraph are denied.

115. The averments of this paragraph are denied.

116. The averments of this paragraph are denied.

117. The averments of this paragraph are conclusions of law requiring no response.

118. The preceding answers are incorporated herein as if fully set forth.

119. The averments of this paragraph are conclusions of law requiring no response.

120. No response is required to the averments of this paragraph as they are not directed to responding defendants.

121. The averments of this paragraph are denied.

122. The averments of this paragraph are denied.

## **Second Defense**

All claims against Regina Himes and Erika Kirkpatrick in their official capacities are barred by the Eleventh Amendment.

## **Third Defense**

Plaintiff's claims are precluded by the Rooker-Feldman doctrine.

### Fourth Defense

Heck v. Humphrey bars Plaintiff's claims to the extent they present a challenge to his state court sentence.

### Fifth Defense

Regina Himes and Erika Kirkpatrick in their official capacities are not persons who are subject to suit under 42 U.S.C. §1983.

### Sixth Defense

Plaintiff's request for injunctive relief violates notions of federalism and comity between federal and state courts.

WHEREFORE, Defendants, Regina Himes and Erika Kirkpatrick, respectfully request this Honorable Court dismiss all official capacity claims against them in Plaintiff's Amended Complaint.

Respectfully submitted,

**/s/Caroline Liebenguth**
CAROLINE LIEBENGUTH, ESQUIRE
Attorney I.D. No. PA37572
Supreme Court of Pennsylvania
Administrative Office of PA Courts
Frick Building, Suite 416
Pittsburgh, PA 15219
Caroline.Liebenguth@pacourts.us
(412) 565-5032, Fax: (412) 565-3025

***Attorney for Regina Himes and Erika Kirkpatrick in their official capacities***